**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**David REYNA, Defendant–Appellant.**

**No. 05–10755**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 24, 2007.

J. Michael Worley, Nancy E. Larson, Assistant U.S. Attorney, U.S. Attorney's Office, Northern District of Texas, Fort Worth, TX, for Plaintiff–Appellee.

Federal Public Defender's Office, Northern District of Texas, Fort Worth, TX, for Defendant–Appellant.

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

David Reyna appeals his 24–month sentence following the revocation of his su-

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pervised release. Reyna argues that the district court's departure from the recommended guidelines range was unreasonable. He also contends that the district court provided inadequate justification for the sentence imposed.

The sentence imposed, while in excess of the range recommended by the guidelines, was within the statutory maximum term. *See* 18 U.S.C. § 3583(e)(3). Reyna has not shown that his 24–month sentence was either unreasonable or plainly unreasonable. *See United States v. Hinson,* 429 F.3d 114, 119–20 (5th Cir.2005), *cert. denied,* 547 U.S. 1083, 126 S.Ct. 1804, 164 L.Ed.2d 540 (2006).

Further, the record demonstrates that the district court did consider the relevant 18 U.S.C. § 3553(a) sentencing factors. The district court noted that it was familiar with Reyna's background and inquired into the disposition of the subsequent drug charge that primarily led to the revocation. The district court also was concerned by Reyna's return to criminal activity within three months of his release to supervision. The district court stated that it felt that Reyna's recidivism showed a disrespect for the law and that the recommended guidelines range was inadequate to address his conduct. Thus, the record demonstrates that the district court considered the relevant sentencing factors and articulated sufficient reasons to support the sentence. *See United States v. Mares,* 402 F.3d 511, 518–19 (5th Cir.), *cert. denied,* 546 U.S. 828, 126 S.Ct. 43, 163 L.Ed.2d 76 (2005).

AFFIRMED.